1057 JR

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Armando LOPEZ Jr.,<br><br>Defendant. | Case No.: 26mj5024<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 8, U.S.C. § 1324(a)(2)(B)(ii) Bringing in Aliens for Financial Gain (Felony) and Title 18, U.S.C., Sec. 2 Aiding and Abetting |

The undersigned complainant being duly sworn states:

On or about August 25, 2026, within the Southern District of California, Defendant Armando LOPEZ Jr., with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that alien, namely, David ANGUIANO-Martinez had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, Section 2.

The complainant states that this complaint is based on the attached probable cause statement, which is incorporated herein by reference.

Chase R. Herrick, CBP Officer
U.S. Customs and Border Protection

Sworn and attested to under oath by telephone, in accordance with Federal Rule of Criminal Procedure 4.1, on August 26, 2026.

HON. BRIAN J. WHITE
UNITED STATES MAGISTRATE JUDGE

# PROBABLE CAUSE STATEMENT

The complaint states that David ANGUIANO-Martinez, is a citizen of a country other than the United States; that said alien has admitted he is deportable; that his testimony is material; that it is impracticable to secure his attendance at trial by subpoena; and that he is a Material Witness in relation to this criminal charge and should be held or admitted to bail as prescribed in Title 18, United States Code, Section 3144.

On August 25, 2026, at approximately 5:52 P.M., Armando LOPEZ Jr (Defendant), a United States citizen, applied for admission into the United States from Mexico via the San Ysidro, California Port of Entry vehicle primary lanes as the driver of a Hyundai Genesis bearing California license plates, accompanied by a male passenger. Upon inspection before a United States Customs and Border Protection (CBP) Officer, Defendant presented his California Driver License along with a Lawful Permanent Resident card (I-551) bearing the name with initials F.A.H.P. on behalf of the male passenger. The CBP Officer asked Defendant where they were going and Defendant answered they were going to Torrance, California with nothing to declare from Mexico. The CBP Officer asked the male passenger if the I-551 belonged to him, to which the male passenger responded that it did. The CBP Officer asked Defendant if anyone had asked him to bring anything from Mexico into the United States, or to take anything from the United States to Mexico, and if the vehicle had been in his possession the last three days, to which Defendant answered, No, to all questions. Upon conducting routine system queries, the CBP Officer received a computer-generated alert. The CBP Officer asked the male passenger if he had any other documentation and the male passenger handed him an identification card from El Salvador with the name and date of birth matching the biographical information on the I-551. The CBP Officer then referred the vehicle and its occupants to secondary for further inspection.

In secondary, another CBP Officer continued the inspection and asked Defendant how he knew his male passenger and Defendant answered that he was his cousin, and he had gone to Tijuana to drop off clothes for his family. The CBP Officer escorted the male passenger to the security office for further investigation. In the security office, the male's true identity was ascertained. During biographical questioning, the male stated his true name as David ANGUIANO-Martinez and that he was born in Mexico, now held as a Material Witness (MW). Department of Homeland Security (DHS) service records contain no evidence MW has applied for or obtained legal documents to enter, pass through, or reside in the United States. CBP Officers assigned to the vehicle secondary lot placed Defendant into handcuffs for officer safety and escorted him to the security office for initial processing.

On August 25, 2026, at approximately 11:56 P.M., during a video-recorded interview, Defendant was advised of his Miranda rights and elected to make a statement. Defendant admitted knowledge of the smuggling act. Defendant stated he was going to be paid $2000 United States dollars by an unknown smuggling coordinator to smuggle one person into the United States. Defendant stated he traveled to Tijuana, Mexico, on August 25, 2026, for the sole purpose of picking up the MW at a shopping center in Tijuana to smuggling him into the United States. Defendant stated he then drove directly to the San Ysidro Port of Entry without additional stops. Defendant stated he was taking the MW to San Diego, CA, after which he would return to his home in Torrance, CA to receive payment from the unidentified smuggling coordinator.

On August 26, 2026, at approximately 1:57 A.M., during a video-recorded interview, MW was advised of his Miranda rights and elected to make a statement. MW stated he is a citizen of Mexico by virtue of birth in Jalisco, Mexico. MW stated he made the smuggling arrangements on his own. MW stated he reached out to a smuggling coordinator who offered to arrange the smuggling event for the smuggling fee of $17,000 United States dollars. MW stated he was told he would be smuggled as a passenger in a vehicle. MW stated that on

Tuesday August 25, 2026, an unidentified Hispanic male picked him up from his home in Rosarito, Baja California, Mexico and drove him to a taco stand in Tijuana, where a second unidentified male arrived and gave him the I-551 and identification card, then instructed MW to memorize the name and date of birth as shown on the documents. MW stated Defendant then pulled up in his vehicle and signaled for MW to get into the front passenger seat. MW stated they could not communicate because Defendant only speaks English. MW stated they drove directly to the port of entry without additional stops. MW stated he handed the documents to the Defendant, after which Defendant presented them to the primary officer. MW stated Defendant was taking him to Los Angeles, CA, where MW's brother would pick him up. MW stated he was going to Los Angeles to live and work.